ZAMORA, Judge (specially concurring). I concur in Judge Bustamante’s opinion as it pertains to Child’s first three arguments. I understand that Jason F., 1998-NMSC-010, ¶ 10 is controlling as it applies to Child’s fourth argument that he did not consent to the appointment of a special master to preside over his probation revocation hearing. See Trujillo v. City of Albuquerque, 1998-NMSC-031, ¶ 33, 125 N.M. 721, 965 P.2d 305 (“Stare decisis is the judicial obligation to follow precedent, and it lies at the very core of the judicial process of interpreting and announcing law.”). This special concurrence is for the purposes of requesting that the Supreme Court invite the Children’s Court Rules Committee to modify Children’s Court Rule 10-163(C) to clarify who has the burden of requesting and showing that there was concurrence of the parties allowing a special master to preside over the proceedings. Rule 10-111(C) NMRA (1995) as it applied in Jason F. and its recompilation as Rule 10-163(C) are identical. My concern, in both Jason F. and this case, lies with the Child’s failure to either preserve the issue for appeal or to timely object to the appointment. The question raised is whether a Child’s right to trial by a judge can be so casually waived, where the intent of appointing a special master was for purposes of expeditious handling of children’s court cases and was meant to be the exception rather than the rule. M. MONICA ZAMORA, Judge